**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PAUL ANDRUS, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | CIVIL ACTION NO. 3:08-CV-119-O |
| § | |
| v. § | |
| § | |
| **DIGITAL FAIRWAY CORPORATION,** § | |
| § | |
| **Defendant.** § | |

**MEMORANDUM AND ORDER**

The Court has before it Defendant Digital Fairway Corporation's Motion to Stay ("Defendant's Motion") (Doc. #30), Plaintiffs' Response to Motion to Stay (Doc. # 35), and Defendant's Reply ("Defendant's Reply") (Doc. # 36). Defendant's Motion requests a stay under the protections of 11 U.S.C. §§ 1501-1532 ("Chapter 15"). The Reply seems to abandon that ground and requests a stay under the ordinary exercise of the Court's discretion, albeit relying on a possible Chapter 15 petition in the future. Plaintiffs are opposed to a stay on any argued grounds.

**I.    BACKGROUND**

On June 22, 2009, this Court issued its Order denying the Defendant's Motion for Summary Judgment. *See* Doc. # 27. Later that same day, the Defendant filed a Suggestion of Bankruptcy (Doc. # 29), and a Motion to Stay referencing it (Doc. # 30).

While at first glance, this appeared to be a routine and procedurally regular matter that recommended automatic suspension of all proceedings in this Court,

1

examination of the foregoing documentation and pleadings has shown otherwise. *See* Docs. ## 29, 30, 35, and 36*.* Defendant's Motion requests a stay pursuant to Chapter 15. *See* Defendant's Motion at 2 ("[T]he automatic stay provided by §363 [by operation of Chapter 15] applies and the proceeding should be stayed")*.*

Defendant's Reply shifts the basis for delay away from a mandatory action under Chapter 15. *Id.* 1-2. Defendant now simply notes the possibility that Chapter 15 bankruptcy proceedings may be initiated by a third party at some point in the future, contending that this recommends a stay. *Id. 2-3.*

The Court will deal with both bases for sake of clarity.

## II.   **LEGAL STANDARDS**

### a. Defendant's Motion: Chapter 15 and domestic courts

Chapter 15 proscribes a clear and uniform procedure by which a foreign entity charged with management of a bankruptcy within its jurisdiction may reach out to American courts for assistance in achieving an efficient result. *See* 11 U.S.C. § 1501. Proceedings may be initiated only at the discretion of that entity acting as the "foreign representative" under Chapter 15. *See, e.g.,* 11 U.S.C. § 1509*.* The further decision of whether Chapter 15 protections are invoked, or certain U.S. proceedings permitted to continue to conclusion, is a matter for the foreign representative's discretion, presumably considering relevant factors such as whether litigation close to completion might more efficiently clarify a controversy and the sum in dispute than a complete re-examination at the expense of the estate. *See id.*

If the representative chooses, (s)he may then initiate a Chapter 15 proceeding in a United States bankruptcy court. *See* 11 U.S.C. §§ 1504, 1509(a). That

court must then provide notice, and hold a hearing, on whether to "recognize" the foreign proceeding on behalf of American jurisdictions. 11 U.S.C. §1517 (a). Generally,[1] the court must recognize that proceeding if the evidence proves that: (1) the foreign proceeding is pending in a country where the debtor's business is based or where it has "an establishment;" (2) the foreign representative applicant is a natural or legal person; and (3) the petition meets the requirements of section 1515. *Id.; see also,* 11 U.S.C. §§ 1502 (4), (5) (defining foreign main proceeding and foreign nonmain proceeding).

If the bankruptcy court "recognizes" the foreign proceeding, the representative is then empowered to "apply directly to a court in the United States," such as this Court, "for appropriate relief in that court," which is then bound to "grant comity or cooperation to the foreign representative" as it would a U.S. representative of a domestic bankruptcy proceeding. *See* 11 U.S.C. § 1509(b).

### b. Defendant's Reply: Relevant considerations to stay

The Fifth Circuit has cautioned that granting of indefinite stays should not be an everyday exercise. *See Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 204, n.6 (5th Cir. 1985)  (granting indefinite stays should not be a quotidian exercise).  Defendant must demonstrate a compelling hardship, unfair prejudice, or inequity in being required to go forward.  *See Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545-46 (5th Cir. 1983); *see also Coastal (Bermuda) Ltd.,* 761 F.2d 198 at

---

[1] The bankruptcy court may not recognize the foreign proceeding if recognition is "manifestly contrary to the public policy of the United States," 11 U.S.C. § 1506*,* or violates international agreements to which the United States is a party. 11 U.S.C. § 1503.

204, n.6 (where a discretionary stay is proposed, something close to genuine necessity should be the cause of its invocation).

### III.   ANALYSIS

In the original Motion the Defendant represented to the Court that because they had filed their Motion "the automatic stay provided by § 362 applies and the proceeding should be abated." Defendant's Motion at 2.  The Defendant stated that "recognition of a foreign main proceeding"[2] was achieved by filing its Motion with a copy of a document indicating the intention to file bankruptcy in Canada by a company based there. Defendant's Motion at 1-2.

Defendant's representations do not entitle it to a stay under Chapter 15, as its Motion insists. *See U.S. v. J.A. Jones Const. Group,* LLC, 333 B.R. 637 (E.D.N.Y. 2005); *see also Bondi v. Capital & Finance Asset Management S.A.,* 535 F.3d 87 (2d Cir. 2008). The process Congress enacted in that very well deliberated [3] statute is clearly

---

[2] Chapter 15 has a very specific definition for *recognition of a foreign main proceeding* and that status is achieved only after a carefully proscribed sequence of procedure. *See* 11 U.S.C. §§ 1515 – 1521.

[3] The purpose of Chapter 15 "is to incorporate the Model Law on Cross-Border Insolvency." 11 U.S.C. § 1501(a). It was formed through substantial discussion and debate and informed from a number of scholarly and practical perspectives over a period of years. *See, e.g.,* Jay Lawrence Westbrook, *Chapter 15 at Last,* 79 Am. Bankr. L.J. 713, 713-15 (2005); Paul L. Lee, *Ancillary Proceedings Under Section 304 and Proposed Chapter 15 of the Bankruptcy Code,* 76 Am. Bankr. L.J. 115, 118-126 (2002); David Costa Levenson, *LL.M Thesis: Proposal for Reform of Choice of Avoidance Law in the Context of International Bankruptcies from a U.S. Perspective,* 10 Am. Bankr. Inst. L. Rev. 291, 297-99 (2002);  M. Cameron Gilreath, Comment, *Overview and Analysis of How the United Nations Model Law on Insolvency Would Affect United States Corporations Doing Business Abroad,* 16 Bank. Dev. J. 399 (2000). Upon enactment, Congress established the procedure for "an *orderly administration* of the bankruptcy estate … to promote fairness for both local and foreign creditors." *8-1501 Collier on Bankruptcy-15th Edition Rev. ¶ 1501.01 (emphasis added).*

stated therein.[4] Under that process, the Court has yet to hear from a party with standing to raise even the possibility of relief under Chapter 15. 11 U.S.C. § 1504, 1511, 1515.

Research discovers no Fifth Circuit authority on point, and indeed case authority is fairly sparse, perhaps because the law is relatively new and straightforward. In the most analogous case, a New York federal district judge was asked to stay proceedings in on-going litigation by a letter from the interim receiver in the defendant's Canadian bankruptcy. *J.A. Jones Const. Group, LLC,* 333 B.R. at 638. The Canadian foreign representative pointed out that a trustee had already been appointed and a proposal submitted to creditors – a state of proceeding well advanced beyond that upon which Defendant currently relies. *Id*. The district court refused to stay its proceedings, noting: "In the absence of recognition under chapter 15, this Court has *no authority to consider* [the Canadian receiver's] request for a stay." *Id.* at 639 (emphasis added).

In its Reply, Defendant abandons an authoritative appeal to Chapter 15 but raises fresh grounds for a stay by arguing for it within the ordinary exercise of this Court's discretion. The Reply reflects a closer reading of Chapter 15, upon which it relies heavily, primarily for arguments regarding court efficiency and comity with a foreign jurisdiction. The Defendant's Motion is thus transformed into a courtesy

---

[4] Chapter 15 directs the petitioned court to receive information provided under petition by a proper foreign representative and then process it through a hearing and deliberation to establish the foreign proceedings' relevance to property in the United States, the interests of the parties, and other probative issues. *See* 11 U.S.C. §§ 1519-1523*; see also 8-1501 Collier on Bankruptcy-15th Edition Rev. P 1501.01.* Only then, and only through the actions of the foreign representative, might this Court take steps subordinating Plaintiff's otherwise legitimate right of access to legal process. *Id.*

5

notification to this Court that: (1) "assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding;" and/or that (2) "creditors or other interested persons in a foreign country have an interest in requesting the commencement of, or participating in, a case or proceeding under this title." See 11. U.S.C. 1501(b)(1), (4).

At some point in the future, then, there *might* be a Chapter 15 bankruptcy case opened in the United States. *Id.* Depending on the foreign representative's view of how to manage the docket (s)he faces, there then *might* be a request for this Court to suspend its proceedings. In that event, Chapter 15 will govern.  Until then, the Court is asked to place proceedings before it on hold indefinitely.[5]

The Defendant urge actions of comity in relation to the foreign proceedings. Some scholars have criticized Chapter 15, saying it legislated a lack of comity between the United States courts and their foreign equivalents.[6] Even if that criticism is just (and that judgment is not within the province of this Court), Chapter 15 is nonetheless the basis upon which Congress has directed our courts to maintain an ordered and consistent relationship with foreign courts on certain proceedings before them. *See* 11 U.S.C. § 1501 (a); *see also* 11 U.S.C. § 1507; 11 U.S.C. § 1509 (b),

---

[5] Chapter 15 contains no provision requiring the foreign representative to let domestic courts know if (s)he has decided against pursuing relief against their proceedings if they are abated on speculation that (s)he might do so, which suggests prudence would not tend to abate in the unregulated and incommunicative atmosphere outside Chapter 15.

[6] *See, e.g.,* Sandy Shandro, *A Plea for the Amendment of Chapter 15,* 28-2 ABIJ 48 (2009); Alesia Ranney-Marinelli*, Overview of Chapter 15 Ancillary and Other Cross-Border Cases,* 82 Am. Bankr. L.J. 269, 328 (2008) ("[U]nless foreign proceedings are pending in a jurisdiction where the debtor has either its COMI or an establishment, they cannot be granted recognition, and the foreign representatives cannot obtain judicial assistance or comity in the U.S. (except for very limited purposes)").

(c), & (d). A motion to stay in federal court draws no strength from the unrelated matter of potential Chapter 15 proceedings or the myriad of outcomes possible in them.

Returning to the controlling standard of good cause impliedly invoked by Defendant's Reply, the Court finds nothing close to genuine necessity that recommends suspension of the litigation. *See Coastal (Bermuda) Ltd.,* 761 F.2d at 204. The case is set for trial on July 6, 2009. Discovery has been completed, summary judgment has been determined inappropriate, and Plaintiffs oppose the indefinite stay sought by Defendant.

Plaintiffs have participated in and obeyed fully the Court's orders regarding scheduling and discovery, incurring substantial attorney fees and expenses, all toward finally resolving liability and damages. The loss of efficiency (and fairness) is patent in forcing them to wait for a *possible* Chapter 15 hearing, and a *possible* action thereafter, where they will begin all over and incur the additional expenses and delay of making their case to the Canadian representative -- who might well deem it prudent, given the stage of this litigation, to let this case go forward as a less expensive and time-consuming way to have conclusive evidence on liability and damages.

**IV.    CONCLUSION**

The Court **FINDS** that good cause does not exist for a stay of this action.  The Motion to Stay is hereby **denied**.

So **ORDERED** this 26th day of June, 2009.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE